*698 OPINION.
Aeundell :
Petitioner’s argument against the respondent’s action in taxing her on the item in controversy is based, in substance, on the ground that the agreement of July 24, 1919, operates to divest her of any right or claim to the sum. We are unable to concur in this construction of the instrument.
By the terms of the agreement of July 24, 1919, petitioner did not irrevocably transfer or assign any part of her life interest in the income from the two trusts created by the will of her father so as to give her sister, Georgia Warde, or the Phoenix Savings Bank & Trust Co. trustee, a right to demand and collect from the trustees appointed by the will the sums payable to them under the agreement. It was merely an agreement on the part of petitioner to pay to Georgia Warde and the trustee a stipulated portion of the income she actually received from the estate. Any right or claim they may have had to a part of the income of the two trusts created by the will was against petitioner and not the trustees under the will. Not until petitioner was in receipt of income from the trusts could any right of theirs attach to any specific part of the fund. Furthermore, petitioner did not by the terms of the agreement completely deprive herself, of the right to retain the income payable under the agreement or give Georgia Warde or the trustee absolute *699 control over tlie sums paid to them. In the event Georgia Warde, her children and her grandchildren predeceased petitioner, the funds in trust were to be paid to her or her heirs; advances could not be made by the trustee for the education of the children for whose benefit the trust was created without petitioner’s approval; payments from the trust fund for maintenance and support of the children had to be approved by petitioner; all payments under the agreement were to cease in case petitioner survived Georgia Warde and all of her children and grandchildren; with one exception, the amounts payable under the agreement were not do be hypothecated or assigned by Georgia Warde without petitioner’s written consent; and petitioner was to be released of all of her obligations under the contract in the event Georgia Warde contested the will or violated any of the terms of the agreement.
In the case of MacKenzie v. Wright (Ariz.), 252 Pac. 521, the testator, after making certain specific bequests, gave the residue of his estate to the appellant. William J. Booth, sole heir of decedent, contested the will. During the course of the trial on the issues involved the suit was compromised bjr an agreement under which Booth received $70,000 of the residue of the estate. The will was thereupon admitted to probate. The question before the court was whether the amount of the inheritance tax should be determined by the provisions of the will or by the compromise settlement, which was approved by the court. In affirming the judgment of the court below in favor of the defendant, the court said:
Tlie portion received by Booth was not nominated in the will, nor did he inherit it. Though it may have come from the testator’s estate, it was not of the estate, hut of the property of the res-Ukiary legatee. It was a consideration paid to him by MaeKenzie out of what he [MaeKenzie] obtained from the estate of Soufiirien to withdraw the contest and consent to the will’s being probated. (Italics supplied.)
Facts similar to those here were before the court in Bing v. Bowers, 22 Fed. (2d) 450, wherein it was said:
To permit the assignor of future income from his own property to escape taxation thereon by a gift grant in advance of the receipt by him of such income would by indirection enlarge the limited class of deductions established by statute. As long as he remains the owner of the property the income therefrom should be taxable to him as fully when he grants it as a gift in advance of its receipt as it clearly is despite a gift thereof immediately after its receipt.
The Board cases hold that where the taxpayer retains his interest in the property or fund from which the income was derived, the income is taxable to him and not to the person who eventually receives the money. Ormsby McKnight Mitchel, 1 B. T. A. 143 (9 Fed. (2d) 414; 15 Fed. (2d) 287; certiorari denied, 273 U. S. 759); Fred W. Warner, 5 B. T. A. 963; Arthur H. Van Brunt, 11 B. T. A. 406; *700 Julius Rosenwald, 12 B. T. A. 350; and Chas. F. Colbert, Jr., 12 B. T. A. 565.
Petitioner has cited O'Malley-Keyes v. Eaton, 24 Fed. (2d) 436, followed in Young v. Gnichtel, 28 Fed. (2d) 789, as being controlling. The facts there are clearly distinguishable from those here. There the plaintiff irrevocably assigned, among other things, all of her interest .in the income of the trust created by a certain will with directions to pay the income to her husband in trust for the benefit of her children. The plaintiff never received the income and had no control whatever over its disposition. Here, Georgia Warde and the bank have no interest in the income in the hands of the trustees named in the will, or any legal right to demand payment from them. Their right to a part of the income from the trusts does not attach in any form until there has been a receipt of income by the petitioner.

Judgment will be entered for the respondent.